```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

```
ISAAC CLEVELAND,                *
                                *
Plaintiff,                      *
                                *
v.                              *    CASE NO. 3:04-CV-99 (CDL)
                                *
GREENE COUNTY SCHOOL SYSTEM,    *
                                *
Defendant.                      *
```

O R D E R

Defendant has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Defendant is not a legal entity subject to suit under Georgia law. Defendant also moves to dismiss Plaintiff's Title VII race discrimination claim because it was not included in Plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC). For the following reasons, the Court grants Defendant's Motion to Dismiss as to Plaintiff's claim of race discrimination brought under Title VII. To the extent that Defendant seeks to dismiss Plaintiff's Complaint on the ground that Plaintiff has failed to name an entity subject to suit, the Court denies Defendant's motion and instead permits Plaintiff to amend his Complaint within thirty days of the date of this Order to substitute the appropriate defendant as a party.

**I.   BACKGROUND**

Plaintiff filed a charge of discrimination with the EEOC on July 21, 2004.  On the form used for filing the charge, Plaintiff indicated that he was subjected to discrimination based on age.  The details of the alleged discrimination are set forth in the charge as follows:

> On August 29, 1997, I was hired by the above-named employer as a School Teacher.  I was later promoted to Assistant Principal.  In March 2004, I applied for a Principal's position under the Green County School System.  On April 14, 2004, I was denied the position.  Two other candidates were hired, Jason Doughty (W/M) and Ulrica Corbett (B/F), at least one candidate is younger than me.
>
> The reason given for not promoting me was that the other candidates have more direct experience than I do.
>
> I believe I have been discriminated against because of my age (57), in violation of the Age Discrimination in Employment Act of 1967, as amended.

Plaintiff filed suit in this Court on October 12, 2004, alleging discrimination based on race in violation of Title VII and discrimination based on age in violation of the ADEA. Defendant seeks dismissal of Plaintiff's entire Complaint, contending that it is not a legal entity subject to suit.  In the alternative, Defendant moves to dismiss Plaintiff's Title VII race discrimination claim, arguing that it exceeds the scope of Plaintiff's charge of discrimination filed with the EEOC.

**II.  RULE 12(B)(6) STANDARD**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The analysis of a 12(b)(6) motion "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).[1]

The court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the nonmoving party.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "The pleadings must show, in short, that the [p]laintiff[ ] ha[s] no claim before the 12(b)(6) motion may be granted." *Brooks*, 116 F.3d at 1369.

**III. DISCUSSION**

Defendant has moved to dismiss Plaintiff's entire Complaint on the ground that the named Defendant, "Greene County School System," is not an entity subject to suit.  The Georgia Supreme Court has

---

[1] "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents as part of the pleadings . . . and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into one for summary judgment." *Brooks*, 116 F.3d at 1369; *see also Harris v. Ivax*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) ("But a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute.").  Defendant has attached to its motion to dismiss Plaintiff's charge of discrimination, which is referenced in Plaintiff's complaint and will be considered by the Court in ruling upon Defendant's motion.

determined that a school board, unlike the school district it manages, is not a legal entity capable of suit and of being sued unless so authorized by legislative act. *Cook v. Colquitt County Bd. of Educ.*, 261 Ga. 841, 842, 412 S.E.2d 828, 829 (1992); *see also Winchester Constr. Co. v. Miller County Bd. of Educ.*, 821 F. Supp. 697, 699 (M.D. Ga. 1993). While Plaintiff has not specifically brought suit against the school board, he has apparently incorrectly identified the legal entity he believes to be subject to suit. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that "Jefferson County Sheriff's Department" is not a legal entity and therefore not subject to suit or liability under 42 U.S.C. § 1983). The Court finds, however, that dismissal at this time, based upon this apparent misnomer, would be unjust, particularly when the proper Defendant has likely received notice of Plaintiff's suit. Therefore, the Court denies Defendant's Motion to Dismiss Plaintiff's Complaint on this basis. Instead, the Court permits Plaintiff to amend his Complaint within thirty days of the date of this Order to substitute the proper defendant as a party.

Defendant has also moved to dismiss Plaintiff's claim of race discrimination under Title VII because Plaintiff failed to file a charge of race discrimination with the EEOC. Plaintiff contends that his charge as filed could reasonably encompass a claim for race discrimination.

4

Before pursuing a Title VII action, a plaintiff is required to file a charge of discrimination with the EEOC so that the agency may "have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). The charge of discrimination also serves as notice to the employer of the employee's allegations. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1319 (11th Cir. 2001). Accordingly, a plaintiff's complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280. Although claimants' lawsuit allegations must bear some relation to their EEOC discrimination allegations, the Court also understands that it should be "'extremely reluctant to allow procedural technicalities to bar claims.'" *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 461-62 (5th Cir. 1970).[2]

Plaintiff contends that Defendant's motion here rests on a procedural technicality like that in *Sanchez*. In *Sanchez*, the Court of Appeals held that although the plaintiff checked the box marked "sex" on the EEOC charge, rather than the box marked "national origin" in indicating the type of discrimination she had encountered, her

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

claims of national origin discrimination were not barred where the factual allegations by the plaintiff set forth claims of national origin discrimination. *Id.* at 462. It is now well settled in this Circuit that mere procedural technical errors should not serve to prohibit plaintiffs from proceeding with their allegations in federal court. *See, e.g.*, *Green v. Elixir Indus., Inc.*, No. 04-12973, 2005 WL 994827, at *6 (11th Cir. Apr. 29, 2005) (holding that while plaintiff's charge of discrimination failed to specifically allege hostile work environment claim, facts of that claim and termination claim were so intertwined, making his complaint including those claims "'like or related to'" his EEOC charge, so that summary judgment was inappropriate based on his procedural error); *Gregory*, 355 F.2d at 1280 (holding plaintiff's failure to check "retaliation" as basis for discrimination did not administratively bar her allegations of retaliation in her complaint because facts in her EEOC charge could encompass charge of retaliation intertwined with claims of race and sex discrimination).

Plaintiff's EEOC charge differs significantly from the *Sanchez* line of cases. Besides failing to check the "race" box on the EEOC charge of discrimination form, Plaintiff also failed to include any facts in the charge that could reasonably be construed to encompass claims of race discrimination. Plaintiff's allegations specifically state that he "believe[s] he has been discriminated against because of [his] age." The only reference to race in his charge of

6

discrimination is to identify the two candidates hired instead of Plaintiff by their race and sex.  Plaintiff's own race is not identified in the charge.  Plaintiff argues that the identification of the race of the other candidates is enough to infer that the scope of the EEOC investigation would have reasonably included inquiry into race discrimination.  However, at least one of the candidates falls into the same protected class as Plaintiff with regard to any race discrimination claim.  The other candidate, incidentally, would fall into the same protected class as Plaintiff in the event Plaintiff also alleged a sex discrimination claim.  The EEOC would be hard-pressed to determine from Plaintiff's charge that he intended to pursue a claim of race discrimination.  His charge clearly alleges age discrimination with no mention of race discrimination.  Moreover, it is not evident that any EEOC investigation into Plaintiff's complaint of age discrimination would uncover claims of race discrimination, since any such investigation would necessarily involve inquiry into the employer's practices of promoting employees under and over the age of 40, regardless of their race, sex, or national origin.

Plaintiff's allegations of race discrimination in his Complaint are not "like or related to" and do not "grow out of" Plaintiff's allegations in his EEOC charge.  Therefore, those claims are barred.  Accordingly, Plaintiff's Title VII race discrimination claim must be dismissed.

**IV.  CONCLUSION**

Defendant's Motion to Dismiss Plaintiff's Title VII race discrimination claim is granted. Defendant's Motion to Dismiss Plaintiff's Complaint is otherwise denied. Plaintiff is permitted to amend his Complaint within thirty days of the date of this Order to substitute the proper defendant as a party.[3]

IT IS SO ORDERED, this 18th day of May, 2005.

                                                S/Clay D. Land
                                                      CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE

---

[3] To avoid future confusion, the Court observes that the dismissal of Plaintiff's Title VII race discrimination claim would apply to Plaintiff's amended Complaint against the properly named defendant. Therefore, the only federal claim against the new defendant will be the claim for age discrimination.